IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INT'L, INC.          *

      Plaintiff,                          *

v.                                  *     Civil No. **PJM 12-733**

SPECIAL SPACES, INC., et al.        *

      Defendant.                          *

## MEMORANDUM OPINION

Choice Hotels International, Inc. ("Choice Hotels"), filed an Application to Confirm Arbitration Award on March 8, 2012. It seeks to confirm an arbitrator's award in its favor against Special Spaces, Inc. ("Special Spaces"), Gustav James, Otto James, and Arthur Petersen. Defendants, proceeding *pro se*, filed an Answer, and have asserted a counterclaim for what can reasonably be construed as a breach of Choice Hotels' implied duty of good faith and fair dealing.

Choice Hotels has filed a Motion for Summary Judgment against Defendants James, James, and Petersen (Paper No. 12). For the reasons that follow, the Motion is **GRANTED**.

### I.

In 2005, Defendants entered into a franchise agreement ("the Agreement") with Choice Hotels to construct and operate a Comfort Inn & Suites in St. Croix, Virgin Islands. The Agreement contains two provisions relevant to Choice Hotels' Motion. The first is a premature termination clause, which obligates Defendants to pay Choice Hotels a sum in liquidated damages if the Agreement is prematurely terminated due to Defendants' default. The sum is calculated as follows: "[T]he product of (x) the Rentable Rooms, multiplied by (y) $50.00,

multiplied by (z) the Remaining Months (but not to exceed 36 months)." The second is a mandatory arbitration clause, which provides that "any controversy or claim arising out of or relating to" the Agreement be subject to arbitration.

The hotel was never constructed. After notifying Defendants of their default, and after an initial extension of the construction deadline, Choice Hotels terminated the Agreement, and filed a Demand for Arbitration with the American Arbitration Association. Defendants did not participate in the hearing. The arbitrator issued an award in favor of Choice Hotels in the amount of $180,000, plus half the fees and expenses of the arbitration ($3,375).

## II.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute is one where the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). A material fact is one that might affect the outcome of the lawsuit, given the relevant law. *Erwin v. United States*, 591 F.3d 313, 320 (4th Cir. 2010). When assessing a motion for summary judgment, the court views the record in the light most favorable to the nonmoving party and draws all reasonable inferences in his or her favor. *Dulaney*, 673 F.3d at 330. A nonmoving party may not, however, defeat summary judgment by making assertions lacking sufficient factual support or by relying on a mere "scintilla of evidence." *Am. Arms Int'l v. Herbert*, 563 F.3d 78, 82 (4th Cir. 2009).

Furthermore, the scope of a federal district court's review of an arbitrator's award is narrow. "Federal courts must give 'great deference' to an arbitration award," *Choice Hotels Int'l, Inc., v. Shiv Hospitality, LLC*, 491 F.3d 171, 177 (4th Cir. 2007), and they may vacate an

arbitrator's judgment only in limited circumstances, such as when the arbitrator intentionally disregards the applicable law. *Id.*

### III.

Choice Hotels contends that summary judgment is appropriate because there is no dispute that (1) the Agreement was valid and binding, (2) Defendants breached the Agreement by failing to construct the hotel within the prescribed period of time, (3) the parties properly arbitrated the dispute about the breach, and (4) the arbitration award is valid and has not been properly challenged by Defendants. Choice Hotels further contends that there is nothing in the record to suggest that the award should be vacated, modified, or corrected by the Court.

Defendants have not responded to the Motion. In their Answer, however, they contend that the arbitration award should be dismissed because they did not participate in the arbitration hearing. They further assert that Choice Hotels did not act "in good faith," and that the $180,000 sum arrived at by the arbitrator "is totally without basis." As reasonably as this Court can construe it, Defendants' theory is that Choice Hotels executed the Agreement knowing that Defendants would not be able to secure financing to construct the hotel, and thus entered into the Agreement only to take Defendants' initial investment of $30,000.00.

A party to arbitration may apply for an order confirming the arbitration award within one year after the award is made. 9 U.S.C. § 9. The court must issue the order "unless the award is vacated, modified, or corrected." *Id.* 9 U.S.C. § 10 authorizes the court to vacate the award if it was "procured by corruption, fraud, or undue means," was the product of some misconduct or partiality, or if the arbitrator exceeded the scope of his or her powers. Similarly, 9 U.S.C. § 11 permits the court to modify or correct the award if there are any "evident material miscalculation[s]," or if the arbitrator decided an issue not properly before him or her.

3

There is no genuine dispute of material fact as to the validity or propriety of the arbitrator's award. Defendants' theory that Choice Hotels violated its duty of good faith and fair dealing is unsupported by any citation to the record. The $180,000.00 amount awarded by the arbitrator clearly tracks the calculation provided in the Agreement.[1] With respect to Defendants' claim that they were excluded from participating in the arbitration hearing, the record indicates the exact opposite – Defendants did not appear or communicate with the arbitrator regarding their participation. Moreover, even if Defendants' claim is true, nothing in the record supports their allegation that they were *improperly or unfairly* prevented from participating in the hearing. According to their own pleading, Defendants wanted to participate telephonically, and the arbitrator declined to entertain this request. This conduct does not justify vacating or modifying the arbitrator's award.

## IV.

For the foregoing reasons, the Court **GRANTS** the "Motion of Choice Hotels International, Inc., for Summary Judgment" (Paper No. 12) against Gustav James, Otto James, and Arthur Petersen.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

October 23, 2012

---

[1] 100 rentable rooms multiplied by $50.00, multiplied by 36 months = $180,000.00.